JULIA LUGO RAMÍREZ, Plaintiff and Appellee, v. SILVESTRE BARTOLOMEY ET AL., Defendants and Appellants.

No. 5341. Argued June 22, 1932.—Decided May 8, 1934.

*R. V. Pérez Marchand* for appellants.   *G. S. Pierluisi* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In 1906, two houses were awarded to Mariano Bartolomey in a suit brought by him for the foreclosure of a mortgage constituted by José Lugo Marcucci.

In 1914, Julia Lugo Ramírez and Mariano Bartolomey executed before a notary a deed containing the following clauses:

"*First:* That in the judicial sale made by public deed No. 70, executed before Notary and Attorney Gustavo Rodríguez Acevedo, of Ponce, in favor of the party hereto, Mariano Bartolomey Piacentini, covering two houses, one of them being a frame house and the other a masonry house, respectively marked Nos. 11 and 13, on San Francisco Street, now called Pacheco Street, in the city of Yauco, and formerly belonging to José Lugo Marcucci, there were excluded as not covered by the attachment certain lands which formed the *patios* of the aforesaid houses, surrounded by a brick wall with a height of approximately 2 yards, in an area of about eight hundred square meters, of which Mr. Bartolomey y Piacentini has been in possession since June 14, 1906, when the said public deed was executed. (Then follows a description of the land, and the deed goes on to say:)

"*Second:* That Julia Lugo Ramírez as heir of her deceased parents José Lugo Marcucci and Luisa Ramírez Rodríguez, and also in the name of all persons who might have any right in the property above described, which she guarantees, both as to the present sale and as to the collection and distribution of the proceeds thereof among all other interested parties, if any, sells to Mariano Bartolomey Piacentini the *patios* or lands described in the first paragraph of said public deed No. 70, executed on June 14, 1906, before Notary Gustavo Rodríguez Acevedo, of Ponce, for the sum of four hundred dollars, United States currency, which the aforesaid Mariano Bartolomey delivers in my presence to Julia Lugo Ramírez.

"*Third:* And in concluding the present deed, Julia Lugo Ramírez, whom Mr. Bartolomey y Piacentini acknowledges as entitled to make the sale of the lands described in the first paragraph of this deed, as owner thereof by virtue of her capacity and title as heir of her deceased parents, José Lugo Marcucci and Luisa Ramírez Rodríguez, declares that she is fully satisfied of the price for which she is carrying out this transaction, and in her capacity above stated she waives and assigns all rights and claims which she might have against the other party hereto and purchaser, Mariano Bartolomey Piacentini, respecting the estate of her deceased parents, in so far as it concerns the judicial sale of the two houses, one being a frame house and the other a masonry house, respectively, marked Nos. 11 and 13, on Pacheco Street of Yauco, together with all appurtenances thereto, which were awarded to Mariano Bartolomey, in payment of an account owing to him by her father, José Lugo Marcucci, pursuant to the judgment of April 11, 1906, and public deed of June 14 of the same year."

In 1922, Julia Lugo and Sinforoso Irizarry, the latter as widower of Luisa Gonzaga Lugo Ramírez, sole legitimate sister of Julia Lugo, who had died without issue, brought suit against Mariano Bartolomey, and alleged that the two houses awarded in 1906 to Mariano Bartolomey had been purchased by José Lugo Marcucci during the existence of his marriage to Luisa Ramírez, for which reason those houses belonged to the conjugal partnership; that José Lugo executed the mortgage after the death of his wife; that at the time the mortgage was foreclosed, José Lugo Marcucci had died, and similarly as to Irizarry's wife, who died after

her mother; and that in the suit brought for the foreclosure of the mortgage Julia Lugo, as heir of her mother and of her sister, and Sinforoso Irizarry, as surviving spouse and heir of the latter, were not made parties. Based on those allegations, they prayed that the mortgage, the judgment, the writ of execution and the public sale be declared void, as to the one-half undivided interest in the estate which belonged to the widow (*sic*) María Luisa Ramírez, and that the title of Bartolomey as to said undivided interest be also declared void. Mariano Bartolomey died and the suit was continued against his children and heirs, who answered the complaint and alleged, as new matter of defense, that after the award of the property mortgaged by Lugo, his daughter Julia Lugo, as heir of her parents, sold, assigned, and transferred to Mariano Bartolomey whatever rights she might have in the property by a public deed of February 15, 1914. On this point the district court held that Julia Lugo had assigned and waived in favor of Bartolomey whatever rights and claims she might have as heir of her parents, but not as heir of her sister; and it rendered judgment decreeing the annulments prayed for as to the undivided interest which belonged to Irizarry's former wife. In the appeal taken by the heirs of Bartolomey from that judgment, which was affirmed (*Irizarry v. Bartolomey et al.*, 32 P.R.R. 849, 855), the court said:

"Some stress is also laid upon an alleged assignment and waiver of all rights by the plaintiff Julia Lugo, who had previously appeared before a notary as an heir of her deceased parents, and (after conveying to the predecessor in interest of defendants the *patios* adjoining the houses sold in the foreclosure proceedings, which through inadvertence had not been included in the attachment nor therefore in the marshal's deed) in the same capacity, that is, as the heir of her deceased parents, assigned and renounced whatever right or cause of action she might have had against the said mortgagee with reference to the premises in question. Under the rule of strict construction governing such matters, the document referred to can not be extended to cover any right, title or interest derived by inheritance from the sister, or otherwise than by inheritance from the pa-

rents of the vendor and assignor. We do not, of course deem it necessary to speculate about matters not discussed at all in the brief.''

Subsequently, in 1926, Julia Lugo Ramírez brought suit against the heirs of Mariano Bartolomey praying that the court annul for lack of consideration that part of the deed of February 1914, the clauses of which we have transcribed above, wherein the plaintiff waives and assigns all rights and claims which she might have against Mariano Bartolomey respecting the estate of her deceased parents, in so far as it concerns the judicial sale of the two houses awarded to Bartolomey. To justify the relief sought, she alleged the award of the houses to Bartolomey in 1906; that before the execution of the deed conveying the *patios* or yards of said houses, Bartolomey demanded the ratification by the plaintiff of the public sale, in which the plaintiff acquiesced in order not to interfere with the sale of the above *patios,* and because she thought in good faith that the auction sale was not void; that thinking that the auction sale was legal and that she was selling nothing to which she was entitled, she signed the deed without receiving any price or consideration (*causa*), inasmuch as the money that she actually received was for the sale of the *patios.* She also alleged what was set forth in the judgment rendered by the district court in the suit brought in 1922 and affirmed on appeal, with regard to the rights assigned by her in the 1914 deed.

The heirs of Bartolomey set up by way of demurrer that the action for nullity set forth in the complaint was barred, as it had been brought more than four years after the execution of the deed in 1914. The court overruled this demurrer and thereupon one of the heirs filed an answer wherein he denied the averments of the complaint and alleged as a special defense that the plaintiff was precluded from bringing this action, as it had been declared by a judgment that she was not entitled to any right in said property, since by virtue of the deed of 1914, she had assigned whatever rights she might have, and hence that the question was *res judicata.*

· After a trial, judgment was rendered in favor of the plaintiff, and thereupon the defendants took the present appeal.

The appellants have assigned three errors in support of their appeal, to wit:

"*First:* The District Court of Ponce erred in overruling the defense of prescription, set up by special demurrer interposed to the complaint in this case.

"*Second:* The trial court committed grave error in overruling as it did the special defense of the defendant Silvestre Bartolomey, that the plaintiff, by the terms of her own complaint, was estopped to request the annulment of the deed of February 15, 1914, inasmuch as it appeared from said complaint that the action brought was an adjudicated matter (*res judicata*) between the parties.

"*Third:* The trial court finally erred in sustaining the complaint and in adjudging the defendants to pay the costs."

Let us consider first the defense of *res judicata* to which the second assignment refers.

The requisites fixed by law in order that *res judicata* may exist are set forth in section 1219 of the Civil Code, the pertinent part of which reads thus: "In order that the presumption of *res judicata* may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.".

The suit of 1922 and that of 1926 have the same object, for Julia Lugo brought as heir of her parents an action to annul the summary proceeding instituted by Bartolomey for the foreclosure of a mortgage constituted by José Lugo, and the defendants having alleged that she had renounced her hereditary rights by a public deed in favor of Bartolomey, a controversy arose between the parties as to whether or not such waiver existed, which the court must decide and did decide by a judgment, which is now final (*firme*), holding that she had waived said rights; and in the second suit it is sought to have it declared that she did not waive the said

rights as there was no consideration for such waiver. Thus the object or subject matter involved is the same in both suits, as in the second something contrary to what was previously decided is prayed for, for if the waiver contained in the aforesaid deed is declared to be nonexistent for want of consideration, then there would be no valid waiver of the hereditary rights of her parents as to whatever right of action she might have to demand the annulment of the foreclosure proceeding, and that is just the opposite of what was decided in the former suit.

There exists also an identity of causes of action in both suits, because in the first the plaintiff requested the annulment of the foreclosure proceeding as heir of her parents, and in the second, although she sues in her own name, the action is brought as heir of her parents, even if it is not so stated, for if she were not the heir of her parents she would not be entitled to bring the action with regard to the nonexistence of the waiver of the aforesaid rights and would not be affected by the validity or nullity of the waiver in question.

There is also an identity of parties in both suits, for the defendants in both cases are the same persons and were sued as heirs of Mariano Bartolomey. As regards Julia Lugo, she is a plaintiff in both suits and in the same capacity, and although in the first case she sues as heir and in the second she alleges that she is bringing the action in her own right, we have already stated that she is really suing as heir of her parents, for otherwise she would not be affected by a waiver of the hereditary rights. In short, the doctrine of *res judicata* is applicable in the present suit.

In view of the conclusion that we have reached, and inasmuch as in the former suit it was decided that Julia Lugo Ramírez waived the hereditary rights of her parents to which we have referred, it is unnecessary to determine the other assignments relating to the nullity or nonexistence of said waiver and to the prescription of the action herein.

The judgment appealed from must be reversed and another rendered by this court dismissing the complaint on the merits, without special imposition of costs.